**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVIN ANTONIO OLIVAS MONCADA, | Case No. EDCV 26-2223-PVC |
| Petitioner, | **MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On April 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order requiring Respondents to immediately release him from immigration detention, return him to the status quo immediately preceding his apprehension without GPS monitoring or obligations to use surveillance or check-in technology, return his work permit and identification documents, not re-detain him unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, and pay Petitioner's costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. (Dkt. No. 1 at 24–25). On May 6, 2026, Respondents responded to the Petition for Writ of Habeas Corpus, stating

that they "are not presenting an opposition argument" to the Petition. (Dkt. No. 8 at 2). Because Respondents do not oppose the Petition, its merits are conceded. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirements of opposition brief or statement of non-opposition).

Accordingly, the Court **GRANTS** the Petition, and Respondents are **ORDERED** to:

1) Release Petitioner from custody immediately;

2) Return Petitioner to the status quo immediately preceding his apprehension without GPS monitoring or obligations to use surveillance or check-in technology;

3) Return Petitioner's work permit and identification documents;

4) Not re-detain Petitioner under 8 U.S.C. § 1226 unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community; and

5) File a notice of compliance no later than **May 13, 2026.**

The matter is deemed closed. The Court **ORDERS** the Clerk to vacate any pending dates and to close the case. Judgment is **ENTERED** in favor of Petitioner.

As to Petitioner's request for an award of attorney's fees and costs, the Court will consider an application under the Equal Access to Justice Act requesting costs and reasonable attorney's fees that is filed within 30 days of entry of final judgment in this action. *See Rahimi v. Semaia*, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The

Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

IT IS SO ORDERED.

Dated: May 11, 2026

_____

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3